SCOTT BONAGOFSKY (SBN: 190255)
111 Deerwood Road, Suite 200
San Ramon, CA 94583
Tel: (415) 725-3548
Fax: (925) 307-7083
Email: scott@bw-lawyers.com

Attorneys for Plaintiff BRIAN PEREZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BRIAN PEREZ,<br>Plaintiff,<br>vs.<br>CITY OF DEL REY OAKS,<br>Defendants. | Case No.:<br>**COMPLAINT FOR:**<br>**(1) VIOLATION OF UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT (USERRA); (2) VIOLATION OF CALIFORNIA MILITARY AND VETERANS CODE SECTION 394;**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff BRIAN PEREZ (hereinafter "Plaintiff" or "PEREZ"), brings this action against Defendant CITY OF DEL REY OAKS (hereinafter "Defendant" or "City of Del Rey Oaks"):

## INTRODUCTION

1. Plaintiff PEREZ is a Colonel in the United States Marine Corps Reserve and a Sergeant with the City of Del Rey Oaks Police Department. This action arises from the City of Del Rey Oaks' discrimination and retaliation against Plaintiff based on his military service obligations, in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. section 4301 et seq., and California Military and Veterans Code section 394.

2. The City of Del Rey Oaks denied PEREZ a promotion based on concerns that his

military service would interfere with his availability, subjected him to disparate treatment, placed him on unpaid leave while he was on Title 10 military orders, and retaliated against him for asserting his rights.

## JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT

3. **Jurisdiction**. This Court has jurisdiction over the federal claim pursuant to 28 U.S.C. section 1331 and 38 U.S.C. section 4323(b)(3), which authorizes enforcement of USERRA claims in federal district courts. This Court has supplemental jurisdiction over PEREZ's state law claims pursuant to 28 U.S.C. section 1367(a).

4. Venue is proper in the Northern District of California under 28 U.S.C. section 1391(b) because a substantial part of the events giving rise to the claim occurred within this District, and Defendant is subject to the Court's personal jurisdiction with respect to this action.

5. **Divisional Assignment**. The San Jose Division is the appropriate division of this Court for assignment under Civil L.R. 3-2(c) and (e) because the action arose in Monterey County, California.

## GENERAL FACTUAL ALLEGATIONS

6. Plaintiff PEREZ is, and at all relevant times was, a resident of Monterey County, California, and was employed by the Del Rey Oaks Police Department. Presently, PEREZ is a Colonel in the United States Marine Corps Reserve. PEREZ is currently on active status, mobilized with the stand-in force (SIF25) as part of a force multiplier for the Third Marine Expeditionary Force (III MEF) aboard Camp Courtney, Okinawa. His current title is Deputy Future Operations for III MEF.

7. Defendant City of Del Rey Oaks is a municipal corporation organized and existing under the laws of the State of California, located in Monterey County, California. The City of Del Rey Oaks is a "private employer" as defined in 38 U.S.C. section 4323(i).

8. PEREZ began working for the City of Del Rey Oaks Police Department in 2019. He was promoted to Sergeant shortly thereafter and had an exemplary record.

9. As of 2023, PEREZ was a Lieutenant Colonel in the United States Marine Corps Reserve. In January 2025, PEREZ was selected to the rank of Colonel. He officially promoted

to Colonel on August 1, 2025, and holds this rank today.

10. During the winter of 2023, Chief of Police Chris Borquin of the City of Del Rey Oaks Police Department sent out an email for a promotional opportunity for a Commander position. The main criteria for the position included law enforcement supervisor experience, a college degree, and good POST standing as a supervisor. PEREZ is informed and believes and thereupon alleges that there were only two people in the department who met the stated minimum qualifications for this position: PEREZ and Sergeant Roger Guzman.

11. Shortly after the announcement was made regarding the open position, Sgt. Guzman informed PEREZ and another officer that he would not be applying for the position.

12. Regardless of whether Sgt. Guzman applied, PEREZ is informed and believes and thereupon alleges that he was the most qualified person for the Commander position. PEREZ had an exemplary Marine Corps career, including two combat deployments and during which he led over 100 Marines in hostile environments. PEREZ also had a long career as a police officer beginning in 2003 following his military service, with more than 20 years of experience as a law enforcement officer, during which he gained significant supervisory experience, including Field Training Officer experience, and supervisory experience with Ops Plans, surveillance teams, and service as a Range Master Sergeant who supervised two other Range Masters at the City of Del Rey Oaks since 2019.

13. Sgt. Guzman, on the other hand, had retired as a Detective with an anti-gang unit in the Los Angeles Police Department, after which he briefly worked for the San Francisco District Attorney's Office to investigate officer-involved shootings. Sgt. Guzman publicly resigned from that position in 2017, a few months after he was hired, amid media reports of an off-duty alcohol-related arrest in Roseville, California, and a temporary restraining order obtained by his girlfriend for alleged acts of domestic violence. Soon thereafter, Guzman was hired by the City of Del Rey Oaks Police Department and was promoted to Sergeant. Sgt. Guzman continued to experience alcohol-related issues during his employment with the City of Del Rey Oaks, where he has often been late to work, has been found passed out in his vehicle, and would often have officers chauffeuring him to bars during his off-duty time.

14. Before the Commander promotion process began, Police Chief Borquin told PEREZ that he wanted to meet with him, stating that he wanted to conduct a “pre-interview” with candidates before the process began. PEREZ came to the City of Del Rey Oaks Police Department to meet with Chief Borquin, only to be informed by Chief Borquin that he had already asked Sgt. Guzman to be the next Commander. PEREZ was surprised and caught off guard by this statement and told Chief Borquin that Sgt. Guzman had stated to several officers that he did not intend to test for the Commander position. Chief Borquin told PEREZ that he had talked Sgt. Guzman into taking the Commander position. When PEREZ asked Chief Borquin why he had made his decision before the testing process began, Chief Borquin told PEREZ that although he valued PEREZ as one of his Sergeants, he was concerned about PEREZ’s military obligations and did not think that he could be as committed as Guzman to the Commander position because of those military obligations. Although Chief Borquin told PEREZ that he could still test for the position if he wanted to, his mind was made up that he wanted Sgt. Guzman to get the position. Seeing the futility in testing for a position that Chief Borquin stated he was going to give to Sgt. Guzman, PEREZ did not test for the position and Chief Borquin awarded the Commander position to Sgt. Guzman, despite Sgt. Guzman having lesser qualifications and a record of disciplinary issues and abusive conduct.

15. On or about October 30, 2024, PEREZ complained in writing to the City of Del Rey Oaks Police Department, stating that the Department had violated his rights under the Uniformed Services Employment and Reemployment Rights Act (USERRA), and further, that he was being subjected to harassment by Sgt. Guzman, and that he was experiencing disparate treatment when compared with Sgt. Guzman. When PEREZ provided these written complaints to Chief Borquin, he further notified Chief Borquin that he (PEREZ) had an impending mobilization pursuant to Title 10 of the United States Code.

16. On November 13, 2024, Chief Borquin suddenly placed PEREZ on administrative leave without any valid or stated basis. On or about November 21, 2024, PEREZ was made the subject of an internal affairs investigation regarding stale, minor matters from the prior summer, plus two additional, more recent matters that had been blown out of proportion in

order to trump up an Internal Affairs investigation. Specifically, the Internal Affairs Interview Notification stated that PEREZ was being accused of "several allegations of misconduct," including: (a) allegedly being gone for "over two hours" from the City of Del Rey Oaks on August 15, 2024; (b) since July of 2024, allegedly referring to unnamed "members of the Del Rey Oaks community" with profanity when speaking with fellow police officers; (c) allegedly contacting "several members of the Del Rey Oaks Police Department" and using "profane and unprofessional language," which allegedly "left some feeling threatened by [his] tone and language"; and (d) on November 13, 2024, when Sgt. Guzman assigned PEREZ a "busy work" assignment to conduct an analysis of APP 139 (the airport logs, which have redundancies with at least two other systems) PEREZ delegated half of the assignment to a subordinate officer to whom he had delegated similar work many times in the past without complaint or incident.

17. All of the issues raised in the Internal Affairs Interview Notification were sham issues designed to harass and intimidate PEREZ because of his USERRA complaint.

18. First, PEREZ has no recollection of having "left the City of Del Rey Oaks for over two hours" on August 15, 2024. August 15, 2024, was during Monterey Car Week, a time during which officers regularly work overtime up to and including 18-hour days. No one mentioned anything to him about having "left the City of Del Rey Oaks for over two hours" on August 15, 2024, or at any time thereafter, until he received the Internal Affairs Interview Notification in November 2024.

19. Second, Sgt. Guzman has, himself, referred to many people in the "Del Rey Oaks community" using the exact same slurs and profanity that the Internal Affairs Interview Notification accuses PEREZ of using, including but not limited to City Clerk Karen Minami, former City Clerk Leah Fitz, and former City Clerk Kim Cavalho. When speaking with Chief Borquin and other members of the City of Del Rey Oaks Police Department, Sgt. Guzman has *regularly* used other equally or more offensive slurs and profanity toward other city officials, including City Manager John Guertin, volunteer City Planner George Jackshaw, all of the members of the Del Rey Oaks City Council, and virtually all of his subordinate officers. Despite this, PEREZ is informed and believes and thereupon alleges that the City of Del Rey Oaks Police

Department has never launched an internal affairs investigation against Sgt. Guzman for his offensive conduct.

20. Third, PEREZ denies that he spoke to his fellow officers (who he knows well and has worked with for some time) on November 11, 2024 in a manner designed to threaten them. Further, it is well known within the City of Del Rey Oaks Police Department that *Sgt. Guzman* has regularly bullied and intimidated other subordinate officers by harassing them and causing Internal Affairs investigations against them whenever he wants to get rid of someone. Sgt. Guzman has done so with no discipline or reprimand, despite the knowledge of Chief Borquin.

21. Fourth, PEREZ did delegate half of the APP 139 analysis to a subordinate officer, but this is hardly cause for an Internal Affairs investigation. PEREZ did so in the same manner as he has delegated many other tasks to subordinate officers throughout his time as Sergeant, all of which occurred without any negative comment or reprimand.

22. On January 9, 2025, PEREZ provided his written orders regarding his Title 10 mobilization to the City of Del Rey Oaks Police Department. While on active duty, the City of Del Rey Oaks refused to classify him as on military leave and instead listed him as on "unpaid leave" in the Planit system, as further retaliation for PEREZ's assertion of his rights under USERRA as alleged hereinabove.

23. In approximately April 2025, another officer of the City of Del Rey Oaks was arrested in the City of Monterey on public intoxication charges pursuant to California Penal Code section 647(f). Despite knowing about the arrest and the aggravating circumstances thereof, the City of Del Rey Oaks delayed for three weeks inputting that officer's status as "administrative leave" in the Planit system. This is in stark contrast to the City of Del Rey Oaks placing PEREZ on "administrative leave" in the Planit system immediately, without serving him with notice of any department violations.

## FIRST CAUSE OF ACTION
## (Violation of Uniformed Services Employment and Reemployment Rights Act – 38 U.S.C. § 4311)
## [Against Defendant CITY OF DEL REY OAKS]

24. PEREZ incorporates by reference the allegations in Paragraphs 6 through 23,

inclusive.

25. Defendant City of Del Rey Oaks discriminated against PEREZ with respect to promotion, benefits of employment, and terms and conditions of employment because of his military status and service obligations, in violation of 38 U.S.C. section 4311.

26. PEREZ's military service was a motivating factor in the City's adverse employment actions.

27. Defendant also retaliated, and continues to retaliate, against PEREZ for asserting rights protected by USERRA.

28. As a direct and proximate result of these violations, PEREZ has suffered lost wages and benefits and lost promotion opportunities.

29. The City of Del Rey Oaks's violations were willful and the City of Del Rey Oaks knowingly failed to comply with USERRA, entitling PEREZ to liquidated damages under 38 U.S.C. section 4323(d)(1)(D).

30. PEREZ is also entitled to equitable and/or injunctive relief pursuant to 38 U.S.C. section 4323(d)(1)(A) and 38 U.S.C. section 4323(e)(1) mandating the City of Del Rey Oaks to promote PEREZ to the Commander position and enjoining the City of Del Rey Oaks from discriminating against, harassing, and retaliating against PEREZ due to his military service and obligations.

31. PEREZ is also entitled to prejudgment interest pursuant to 38 U.S.C. section 4323(d)(1)(C).

32. PEREZ is also entitled to reasonable attorney fees, expert witness fees, and other litigation expenses pursuant to 38 U.S.C. section 4323(h)(2).

**SECOND CAUSE OF ACTION**
**(Violation of California Military and Veterans Code §394)**
**[Against Defendant CITY OF DEL REY OAKS]**

33. PEREZ incorporates by reference the allegations contained in paragraphs 6 through 23, inclusive.

34. As alleged herein, Defendant City of Del Rey Oaks discriminated against PEREZ with respect to promotion, benefits of employment, and terms and conditions of employment,

and subjected him to retaliation and harassment. PEREZ's military status and service obligations were a motivating factor in the City of Del Rey Oaks' discrimination, harassment, and retaliation, in violation of California Military and Veterans Code section 394.

35. As a result, PEREZ has suffered and continues to suffer actual damages, including lost wages and benefits, lost promotion opportunities, other economic loss, and reputational and emotional harm.

36. PEREZ is also entitled to equitable and/or injunctive relief mandating the City of Del Rey Oaks to promote him to the Commander position and to enjoin its discrimination, harassment, and retaliation against PEREZ based on his military service.

37. PEREZ is also entitled to reasonable attorney fees and costs of suit pursuant to California Military and Veterans Code section 394(f).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

1. For lost wages and benefits, according to proof;
2. For liquidated damages pursuant to 38 U.S.C. section 4323(d)(1)(D) according to proof;
3. For equitable and injunctive relief pursuant to 38 U.S.C. section 4323(d)(1)(A) and 38 U.S.C. section 4323(e)(1), and pursuant to California Military and Veterans Code section 394 and the Court's inherent powers mandating the City of Del Rey Oaks to promote PEREZ to the Commander position and enjoining the City of Del Rey Oaks from discriminating against, harassing, and retaliating against PEREZ due to his military service and obligations;
4. For prejudgment interest pursuant to 38 U.S.C. section 4323(d)(1)(C);
5. For reasonable attorney fees, expert witness fees, and other litigation expenses pursuant to 38 U.S.C. section 4323(h)(2);
6. For actual damages, including lost wages and benefits, lost promotion opportunities, other economic loss, and reputational and emotional harm pursuant to California Military and Veterans Code section 394(f);

7. For reasonable attorney fees and costs of suit pursuant to California Military and Veterans Code section 394(f); and

8. For such other and further relief as the Court deems just and proper.

Dated: September 5, 2025

SCOTT BONAGOFSKY, ATTORNEY AT LAW

By:________________________________
Scott Bonagofsky
Attorney for Plaintiff
BRIAN PEREZ

**DEMAND FOR JURY TRIAL**

Plaintiff PEREZ demands a trial by jury as to all issues so triable in this action.

Dated: September 5, 2025

SCOTT BONAGOFSKY, ATTORNEY AT LAW

By:__________________________________
Scott Bonagofsky
Attorney for Plaintiff
BRIAN PEREZ